(No. 75-CV-0743 — )

In Re Application of Markus L. Burton

*Opinion filed October 23, 1978.*

Poch, J.

This claim arises out of an alleged criminal offense occurring on November 24, 1974, at 2233 S. Federal Ave., Chicago, Illinois. The Claimant seeks compensation pursuant to the terms of the, "Crime Victims Compensation Act," hereafter referred to as the Act *(Ill. Rev. Stat, 1975, Ch. 70, Sec. 71, et.seq.).*

Based on the investigatory report of the Attorney

General this Court denied the claim on August 1, 1977, on the ground that the Claimant did not cooperate with law enforcement officers in the apprehension and prosecution of the offenders. The Claimant objected to this order and requested a hearing on the merits of his claim. The claim was assigned to a Commissioner for the taking of evidence. On February 22, 1978, a hearing was held before Commissioner Leo J. Spivack where the following facts were established by a preponderance of the evidence:

The Claimant, Marcus L. Burton, was the victim of a violent crime as defined in Sec. 2(c) of the Act to wit: Aggravated Battery *(Ill. Rev. Stat., Ch. 38, Sec. 12-4).*

The Claimant incurred various medical and hospital bills after part of which were reimbursed and/or paid by insurance the net amount paid or owed by the Claimant was $295.05.

The Claimant was employed at the time of the offense and earned in excess of $500.00 per month. He was disabled due to his physical injuries from November 24, 1974, to March 30, 1975, for a total of 126 days. The Claimant did not establish his loss of earnings and did not return to work due to alleged but unsubstiantated claims of psychological disability due to this incident. During this period of disability the Claimant received $2,979.34 in disability payments.

The Act requires the Claimant to be an innocent victim of a violent crime and to cooperate fully with the law enforcement officials in the apprehension and prosecution of the offenders. In this case the Claimant gave various and conflicting reports to police concerning the events leading to his injury. The Claimant also refused to view police photos in order to establish the identity of his assailant. In his notice of intent to file a

Claim for benefits under the Act the Claimant made statements concerning the events which were materially different than he gave at the hearing on this claim. The competent and credible evidence does not establish by a preponderance that the Claimant cooperated fully in the apprehension of his assailants. The conflicting evidence and the refusal to cooperate with police officers precludes the Claimant's recovery. The Claimant has not met the required condition precedent to his right to compensation under the Act. The Claimant's failure to cooperate with police and the lack of credible evidence to support his claim require that it be denied.

It is hereby ordered that the claim of Marcus L. Burton be and the same is hereby denied and that the order denying this claim of August 1, 1977, stands.